PERRY DEAN, RESPONDENT, v. LEVI H. MACE, APPELLANT.

*Manufacturing corporation — chapter 40 of 1848, sections 18 and 24 — complaint must show that the debt was payable within a year — a judgment must be recovered in the courts of this State.*

In an action against the stockholders of a manufacturing corporation to enforce the personal liability for debts due to its laborers, imposed by sections 18 and 24 of chapter 40 of 1848, the complaint must show that the debt, payment of which is sought to be enforced, was to have been paid within one year from the time it was contracted.

The provision in section 24, that no stockholder shall be personally liable "until an execution against the company shall have been returned unsatisfied, in whole or in part," requires a judgment to have been recovered against the company in the courts of this State.

APPEAL from a judgment, entered upon an order overruling a demurrer to the complaint.

The action was brought to charge the defendant, a stockholder of the Secor Sewing Machine Company, with a debt due from it.

The complaint alleged, among other things, " that during the years 1874 and 1875, one John Warburton performed work, labor and services as a laborer and servant for said company, at its request, and at the agreed price, and of the value of $2,048.58. That said sum has not been paid, nor any part thereof, except the sum of $164.48 paid thereon ; that at the times hereinafter mentioned the Superior Court, Fairfield county, in the State of Connecticut, was a court of general jurisdiction, duly created by the laws of that State, and had jurisdiction of the subject-matter of the action hereinafter mentioned, and of the defendant therein.

" That within one year after said indebtedness became due, and on the 24th day of June, 1875, an action was commenced thereon in said court, against the said company, the Secor Sewing Machine Company, by the issue of a summons, which summons was duly served on said company.

" That such proceedings were thereupon had ; that on the 1st day of March, 1877, in said action, the said Warburton duly recovered a judgment, which was duly given by said court against said company, and duly docketed on said day, for the sum of $2,231.99.

" That execution upon said judgment was duly issued against the property of said company, on the 1st day of March, 1877, and that such execution has been returned wholly unsatisfied, and that said judgment remains wholly unpaid.

" That said debt and said judgment, and all rights therein and thereunder, have been duly sold and assigned by said Warburton to said plaintiff, and that plaintiff is now the lawful owner and holder thereof."

*F. A. Paddock*, for the appellant.

*Hatch & Van Allen*, for the respondent.

Brady, J. :                                                •

This is an appeal from an order of the court, at Special Term, and from a judgment entered thereon, overruling the demurrer to the complaint.

The action was brought to recover from the defendant, a stockholder of the Secor Sewing Machine Company, incorporated under the general manufacturing law of this State (see chap. 40 of the Laws of 1848), a debt of the corporation.   It appears from the complaint, that one John Warburton, during the years 1874 and 1875, performed work for the company as a laborer, and at an agreed price of $2,048.50 ; and it also appears that the company was prosecuted, in the State of Connecticut, by Warburton, to recover a judgment against it for the sum of $2,231.99, execution upon which was duly issued against the company and returned wholly unsatisfied.

It does not appear that any other proceeding, in regard to the claim, was instituted elsewhere.   The liability of the defendant

depends upon sections 18 and 24 of the statute, to which reference has been made, and by this latter section it is declared, that " no stockholder shall be personally liable for the payment of any debt contracted by any company formed under this act, which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due," etc. It does not appear, from the complaint, that the debt, contracted by the company in favor' of Warburton, was to be paid within one year from the time it was contracted, which is essential to its validity against a stockholder. It is true that the allegations are, that during the years 1874 and 1875, the services were rendered to the company; but that is not sufficient, taken in connection with the time the suit is alleged to have been commenced against the company, to show that the debt contracted was to be paid within the year from the time it was created. The liability is one which rests upon a statutory provision, and all the facts, showing that the demand is within its provision, should be alleged specifically. It is, also, to be said that the judgment contemplated by the act of 1848 (*supra*), is one to be obtained, in this State, against a corporation, where it is presumed its property is situate, out of which the judgment could be collected.

For these reasons it is thought the demurrer was well interposed, and should have been sustained.

Davis, P. J., concurred.

Judgment reversed.